MATTER OF ARTEAGA-GODOY

In Visa Petition Proceedings

A-19780667

*Decided by Board October 27, 1972*

Absent a showing that petitioner was aware of the derogatory evidence which formed the basis for denial of her visa petition, the Board of Immigration Appeals remanded the case to the District Director for further proceedings in order that petitioner be advised of such evidence and offered an opportunity to rebut it and to present evidence in her behalf, as provided by 8 CFR 103.2(b)(2).*

ON BEHALF OF BENEFICIARY:  R. I. Pachefsky, Esquire
Brady, Pachefsky & Sullivan
606 West Wisconsin Avenue
Milwaukee, Wisconsin 53203

This is an appeal from the District Director's order dated August 31, 1972, denying a United States citizen's visa petition to accord the beneficiary immediate relative status as her husband under section 201(b) of the Immigration and Nationality Act. For the reasons stated below, the record will be remanded to the District Director for further proceedings.

We are met at the outset with a jurisdictional question. The notice of appeal, which is signed by counsel, appears to have been filed in behalf of the beneficiary alone. There is no notice of appeal by or in behalf of the petitioner. The regulation, 8 CFR 204.1(a), refers only to the petitioner's right to appeal to this Board. Under comparable circumstances, we have held that only the petitioning spouse, and not counsel for the beneficiary, has the right of appeal, *Matter of C—*, 9 I. & N. Dec. 547 (BIA, 1962), *Matter of Kurys*, 11 I. & N. Dec. 315 (BIA, 1965). There has been no definitive decision in the courts on whether the beneficiary of a visa petition has standing to challenge its denial.[1] Recent decisions of the Supreme

---

* See also, *Matter of Holmes*, Interim Decision No. 2274 (BIA, 1974).

[1] See *Pacheco-Pereira v. INS*, 342 F.2d 422 (C.A. 1, 1965); *Hom Sin v. Esperdy*, 239 F. Supp. 903 (S.D.N.Y., 1965).

Court have taken a more expansive view of standing.[2] Since we conclude that the District Director erred, to avoid any jurisdictional issue we shall take the case on certification under 8 CFR 3.1(c).

The visa petition, filed May 30, 1972, recites that the petitioner, Luz Minerva Arteaga, is a citizen of the United States by birth in Puerto Rico on September 25, 1945; that she married the beneficiary, a Mexican native, on May 23, 1972; and that neither was previously married. The file contains a report of investigation dated August 28, 1972, made by a Service investigator. It asserts, among other things, that the beneficiary last entered the United States without inspection on December 15, 1971; that on May 3, 1972 he was found deportable and granted voluntary departure, extended to June 2, 1972; that on June 23, 1972, in sworn testimony before an immigration examiner, petitioner stated she had never been previously married and that to the best of her knowledge the beneficiary was never married before. A transcript of that sworn statement does not appear in the record.

The investigative report recites that on August 4, 1972 the superintendent of beneficiary's employer was interviewed; that the employment records reflect that the beneficiary was employed there from January 3, 1972 to May 29, 1972; and that he was married and had three children living in Mexico, and claimed five exemptions for income tax purposes. The superintendent told the Service investigator that when he quit on May 29, 1972, the beneficiary said he was returning to Mexico.

Continuing, the investigative report recites an interview on August 21, 1972 with a payroll supervisor at the beneficiary's former place of employment in 1970 and 1971. The employment record, according to the investigative report, reflects beneficiary's marital status as married, gives his wife's name as Guadalupe Martinez-Arteaga, refers to three children, gives Mexico as the address of his wife and children, and reveals a claim of five exemptions for income tax purposes.

An interview on August 25, 1972, recited in the investigative report, reflects that the beneficiary's application for medical insurance on February 29, 1972 shows him as married, states that his wife is Guadalupe, born June 7, 1951, and that he has three children, all residing at 651 West Bruce Street, Milwaukee, Wisconsin. (We note that that is the petitioner's address.) The investigative report also reflects that a record of beneficiary's arrest in 1970 gives his marital status as married.

---

[2] See *Flast* v. *Cohen*, 392 U.S. 83 (1968); *Association of Data Processing Service Organizations* v. *Camp*, 397 U.S. 150 (1970); *Barlow* v. *Collins*, 397 U.S. 159 (1970).

The record contains a letter dated August 30, 1972 from the beneficiary's health insurance carrier, enclosing a copy of his application dated February 29, 1972. The latter states that the beneficiary's spouse is Guadalupe, born June 7, 1951, and recites the names of two children under the age of 19.

In his decision dated August 31, 1972, denying the visa petition, the District Director relied on the facts recited in the investigative report and the records disclosed therein. The record contains no indication that, following her interview on June 23, 1972, the petitioner was ever confronted with the information and evidence uncovered by the subsequent investigation and given an opportunity to rebut it. Quite the contrary, it is clear from the sequence of events that no attempt was made to bring this derogatory information to the petitioner's attention before the District Director made his decision.

8 CFR 103.2(b)(2) provides, in pertinent part, as follows:

*Inspection of evidence.* An applicant or petitioner shall be permitted to inspect the record of proceedings which constitutes the basis for the decision, except as hereinafter provided. If the decision will be adverse to the applicant or petitioner on the basis of derogatory evidence considered by the Service and of which the applicant or petitioner is unaware, he shall be advised thereof and offered an opportunity to rebut it and present evidence in his behalf before the decision is rendered, except that classified evidence shall not be made available to him. Any explanation, rebuttal, or evidence presented by or in behalf of the applicant or petitioner shall be included in the record of proceeding.

There is nothing in the record to indicate that the petitioner was aware of the evidence impugning the beneficiary's capacity to contract a valid marriage with her. While the evidence of a prior undissolved marriage may have seemed overwhelming to the District Director, it is conceivable that the petitioner, if confronted with the derogatory information, might have come forward with some evidence by way of explanation or rebuttal. At any rate, the regulations require that she be given that opportunity, and the demands of due process would appear to be satisfied with no less. We shall, therefore, remand the case to the District Director for further proceedings.

ORDER: The record is remanded to the District Director for further proceedings consistent with this opinion.