MATTER OF BRONSZTEJN

In Deportation Proceedings

A-13880397

*Decided by Board November 26, 1974*

Section 241(a)(11) of the Immigration and Nationality Act directs the deportation of an alien who has been convicted of a violation of, or conspiracy to violate, any law or regulation relating to the illicit possession of narcotic drugs or marijuana. The respondent was convicted upon a plea of guilty for attempted possession of marijuana. The Act makes no distinction between felonies and misdemeanors in narcotics offenses. Conviction for the offense of attempted possession of marijuana is an offense relating to the illicit possession of narcotic drugs or marijuana. Where a person would be found deportable if convicted of a substantive offense, he would also be deportable if convicted of an attempt to commit that offense. Therefore, respondent's conviction for attempted possession of marijuana renders him deportable under section 241-(a)(11) of the Act, and also ineligible for voluntary departure.

CHARGES:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Illicit possession of marijuana (Sections 220.05 and 110, New York Penal Law).

Lodged: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Attempted criminal possession of marijuana (Sections 110 and 220.05, New York Penal Law).

ON BEHALF OF RESPONDENT:
Edith Lowenstein, Esquire
36 West 44th Street
New York, New York 10036

ON BEHALF OF SERVICE:
Paul C. Vincent
Appellate Trial Attorney

This is an appeal from an order of an immigration judge finding the respondent deportable on the lodged charge, and directing his deportation to Israel. The appeal will be dismissed.

The respondent is a 23-year-old male alien, a native of the Union of Soviet Socialist Republics, last a citizen of Poland, who was admitted to the United States for permanent residence in 1964. The respondent was arraigned on August 5, 1971 and charged with violating sections 220.20 and 220.10 of the New York Penal Law. On December 13, 1971, in the Criminal Court, City, County and State of New York, the respondent was convicted upon a plea of guilty for attempted possession of marijuana pursuant to sections 110 and 220.05 of the New York Penal

Law. It was on the basis of this conviction that he was found deportable under the provisions of section 241(a)(11) of the Immigration and Nationality Act. He designated Israel as the country of deportation.

On appeal counsel argues (1) that there was insufficient evidence to support the charge on which the respondent was convicted, and that the conviction was the result of plea bargaining; (2) that conviction under section 110 of the New York Penal Law, attempted criminal possession of marijuana in the sixth degree, is not within the ambit of section 241(a)(11) of the Act. Counsel requests that if the Board finds the respondent deportable, it remand the case for consideration of the respondent's eligibity for the privilege of voluntary departure.

Insofar as the question whether there was sufficient evidence to support the charge under section 110 of the New York Penal Law is concerned, the short answer is that we are bound by the criminal record, and that we may not go behind it and review the evidence and render an independent judgment on the guilt or innocence of the alien involved, *U.S. ex rel. Zaffarano* v. *Corsi*, 63 F.2d 757 (C.A. 2, 1933); *Rassano* v. *INS*, 377 F.2d 971, 974 (C.A. 7, 1966) [1]; *Cruz–Sanchez* v. *INS*, 438 F.2d 1087 (C.A. 7, 1971). If the respondent wishes to attack the validity of his conviction, he must do so in the criminal courts. Moreover, under the very terms of section 241(a)(11) of the Act, no distinction is made between a misdemeanor and a felony.

Section 110 of the New York Penal Law defines attempt as follows:

". . . A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime."

An attempt to commit a crime has been judicially defined as an act done with intent to commit and tending but failing to effect its commission. It does not reach the stage of attempt, unless it carries the project forward within dangerous proximity to the criminal end sought, *People* v. *Sullivan*, 173 N.Y. 122, 65 N.E. 989 (1903); *People* v. *Sobieskoda*, 235 N.Y. 411, 139 N.E 558 (1923); *People* v. *Werblow*, 241 N.Y. 55, 148 N.E. 786 (1925); *People* v. *Ditchik*, 288 N.Y. 95, 41 N.E. 2d 905 (1942). The attempt must have gone so far that the crime would have been completed but for an extraneous intervention, *People* v. *Rizzo*, 246 U.S. 334, 158 N.E. 888 (1927). It takes its character and its quality from the nature of the law toward whose violation it is or was directed and in this particular instance it was the intended crime of possession of narcotics. Under New York Penal Law an attempt to possess marijuana is a lesser degree of the crime of possession of narcotics. The Immigration and Nationality Act makes no distinction whatever between a conviction for a felony or a conviction for a misdemeanor.

We have held repeatedly that a person who is found deportable if

---

[1] Remanded on other grounds.

convicted of a substantive offense would be deportable if convicted of an attempt to commit that offense, *U.S. ex rel. Meyer v. Day*, 54 F.2d 336 (C.A. 2, 1931). See also: *Matter of De S—*, 1 I. & N. Dec. 553 (BIA 1943), involving an attempt to smuggle; *Matter of E—*, 1 I. & N. Dec. 505 (BIA 1943), involving attempted compulsory prostitution of women; *Matter of B-*, 1 I. & N. Dec. 47 (BIA 1941), involving attempt fraud; *Matter of S—*, 3 I. & N. Dec. 617 (BIA 1949), involving attempted arson; *Matter of V—*, 4 I. & N. Dec. 100 (BIA 1950), involving attempted bribery.

In enacting the Narcotic Control Act of 1956 (Act of July 18, 1956, 70 Stat. 567, 575), Congress added language to section 241(a)(11) of the Act for the purpose of making a conviction relating to illicit possession of narcotics a ground of deportation. As amended, the provisions of section 241(a)(11) of the Act direct the deportation of an alien "who has been convicted of, or conspiracy to violate any law or regulation relating to the illicit possession of narcotic drugs or marijuana."

The words "relating to" have been construed to be the controlling phrase in section 241(a)(11) of the Act, *Matter of M—*, 6 I. & N. Dec. 560 (A.G. 1955). The courts have construed the phrase to have broad coverage, *Bowles v. Ohio Fuel Gas CO.*, 65 F. Supp. 426 (N.D. Ohio, 1946), aff'd 158 F.2d 814 (C.A. 6, 1947); *Commonwealth v. Mathues*, 210 Pa. 372, 407, 59 A. 961, 975 (1904). Deportability based on a conviction for attempted possession of marijuana in violation of Louisiana Revised Statutes 14:27-40:962 was upheld in *United States v. Rosenson*, 291 F. Supp. 874 (E.D. La. 1968), aff'd *United States v. Rosenson*, 417 F. 2d 629 (C.A. 5, 1969), cert. denied 397 U.S. 962. See also: *Simpson v. United States*, 195 F.2d 721 (C.A. 9, 1952); *People v. Siu*, 126 Cal. App.2d 41, 271 P.2d 575 (1954); *State v. Broadnax*, 216 La. 1003, 45 So.2d 604 (1950); *Cruzado-Gomez*, 14 I. & N. Dec. 513, (BIA December 18, 1973).

For the foregoing reasons, we conclude (1) that the respondent has been convicted of a narcotic violation within the meaning of the immigration laws and is deportable pursuant to section 244(a)(11) of the Act; and (2) that deportability has been established by evidence that is clear, convincing and unequivocal.

Counsel's request that we remand the case for consideration of the respondent's eligibility for the privilege of voluntary departure is denied. There is no provision in the immigration laws that would permit the respondent any form of discretionary relief from deportation. Accordingly, and in view of the foregoing, we will affirm the immigration judge's order and dismiss the appeal.

ORDER: The appeal is dismissed.