Semion BRONSZTEJN, Petitioner,

v.

IMMIGRATION AND NATURALIZA- TION SERVICE, Respondent.

No. 197, Docket 75–4060.

United States Court of Appeals, Second Circuit.

Argued Oct. 3, 1975.

Decided Dec. 2, 1975.

---

Edith Lowenstein, New York City, for petitioner.

Mary P. Maguire, Sp. Asst. U. S. Atty., S.D.N.Y. (Paul J. Curran, U. S. Atty., S.D.N.Y., Steven J. Glassman, Asst. U. S. Atty. S.D.N.Y., of counsel), for respondent.

Before WATERMAN, OAKES and MESKILL, Circuit Judges.

MESKILL, Circuit Judge:

This is yet another deportation case where, "once the machinery of the law has been set in motion, administrative and judicial authorities may be powerless to stop it, however much they wish." *Oliver v. U. S. Dept. of Justice, I. & N. Serv.,* 517 F.2d 426, 427 (2 Cir. 1975). The question raised in this petition for review is whether the immigration authorities correctly characterized petitioner's conviction for attempted possession of marijuana as a deportable offense under § 241(a)(11) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1251(a)(11).[1] Regretfully, we must conclude that attempted possession is a conviction "relating to" the illicit possession of marijuana and, accordingly, deny Bronsztejn's petition.

Semion Bronsztejn, now 25 years old, came to the United States with his parents on an immigrant visa from Poland when he was a child of 14. He had no criminal record until 1971, when he pleaded guilty to attempted possession of marijuana, a violation of §§ 110.00 [2] and 220.05 [3] of the New York Penal Law; as a result of this conviction, Bronsztejn was placed on probation. In 1973 the Immigration and Naturalization Service ("INS") issued an order requiring Bronsztejn to show cause why he should not be deported pursuant to § 241(a)(11) of the INA. Both the Immigration Judge and the Board of Immigration Appeals found the petitioner deportable.

The essence of petitioner's argument in this proceeding is that a conviction for attempted possession is not a conviction "relating to" the illicit possession of marijuana. Petitioner first contends that the legislation was aimed at drug traffickers rather than users. More importantly, petitioner argues that the construction adopted by the immigration authorities would expand the statute's coverage, contrary to established rules of construction in deportation cases. In support of his contentions, petitioner emphasizes that attempted possession is a crime different from and less serious than possession and that it is not explicitly mentioned in the text of the statute.

It is well settled that Congress has plenary power over the admission of aliens and their right to remain in the United States. *Galvan v. Press,* 347 U.S. 522, 531, 74 S.Ct. 737, 98 L.Ed. 911 (1953). This Court has recently reaffirmed that "the validity of distinctions drawn by Congress with respect to deportability is not a proper subject for judicial concern." *Oliver v. U. S. Dept. of Justice, I. & N. Serv., supra,* 517 F.2d at 428. Thus, if petitioner Bronsztejn is deportable under the language of the statute, this Court has no authority to prevent deportation because of changing social mores regarding marijuana. Be-

---

1. The relevant portion of § 241(a)(11) states that any alien shall be deported who "at any time has been convicted of a violation of, or a conspiracy to violate, any law or regulation relating to the illicit possession of or traffic in narcotic drugs or marijuana . . .."

2. § 110.00 of the New York Penal Law provides that:

"A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime."

3. § 220.05 of the New York Penal Law provides in pertinent part that:

"A person is guilty of criminal possession . . . when he knowingly and unlawfully possesses a dangerous drug."

Effective September 1, 1973, this section was repealed; its subject matter is now covered by § 220.03, criminal possession of a controlled substance.

cause deportation is a drastic penalty, however, the statute must be strictly construed. *See, e. g., Fong Haw Tan v. Phelan,* 333 U.S. 6, 10, 68 S.Ct. 374, 92 L.Ed. 433 (1948).

█ Although originally directed primarily at narcotics "traffickers," the legislative history of the INA leaves no doubt that Congress intended a stringent deportation policy regarding drug offenders.[4] The 1952 version of the Act required deportation of addicts, even though they had committed no crime and were later rehabilitated.[5] The 1956 amendments added "possession" as a deportable offense.[6] Finally, in 1960, Congress specifically made the Act applicable to marijuana and its possession or distribution.[7] We must reject any suggestion that the Act applies solely to traffickers.

The INA requires only that a conviction *relate to* the illicit possession of marijuana. In the past immigration authorities have rejected the argument that the penalty for conviction of attempted possession with intent to sell should be less than conviction for possession with intent to sell. "It is clear to us that one who is in effect convicted of the crime of attempting to sell narcotics is as deportable as one convicted of the crime of selling narcotics." *In the Matter of G-,* 6 I. & N. Dec. 353, 354 (1954).[8] In *United States v. Rosenson,* 291 F.Supp. 874, 878–79 (E.D.La.1968), *aff'd,* 417 F.2d 629 (5 Cir. 1969), *cert. denied,* 397 U.S. 962, 90 S.Ct. 992, 25 L.Ed.2d 253 (1970), the district court considered whether a conviction for attempted pos-

session was a conviction of "any" of the marijuana laws.[9] In concluding that "the crime of attempted possession of narcotics cannot be segregated from the 'narcotic laws' . . . and classified as some sort of general offense," the court found itself bound by the clear language of the statute, which covered ·violation of *any* narcotics law. The similarly broad statutory language in the instant case mandates the same result.

Petitioner cannot succeed by relying on the reasoning in *Varga v. Rosenberg,* 237 F.Supp. 282 (S.D.Cal.1964). There plaintiff was convicted of narcotics use and being under the influence of narcotics; however, he was not convicted of being addicted or having been addicted and was not so charged in the deportation hearing. The question before the court was whether a "use" conviction was a conviction relating to the illicit possession of drugs. Distinguishing "being under the influence" from "having possession," the court concluded that since the user could not be said to possess and control drugs such that he had the power of disposal, he was not covered by the deportation statute.[10] The present case involves not use but attempted possession, which is sufficiently related to a power of disposal to come within the statute.

In sum, given that Congress has formulated a stringent deportation policy regarding narcotics offenders and has used broad language to define the offenses resulting in deportation, we must uphold the finding of the immigration authorities that a conviction for attempt-

---

4. For a summary of deportation legislation dealing with narcotics offenses, see C. Gordon & H. Rosenfield, Immigration Law and Procedure § 4–17 at 4–125 to 4–130 (1975).

5. Act of June 27, 1952, ch. 477, Title II, ch. 5, § 241(a)(11), 66 Stat. 204.

6. Act of July 18, 1956, ch. 629, Title III, § 301(b), 70 Stat. 575.

7. Act of July 14, 1960, Pub.L.No. 86–648, § 9, 74 Stat. 505.

8. In 1954, when *In the Matter of G-* was decided, possession alone was not a deportable of-

fense. However, the Board's reasoning that the punishment for an attempt is no less than for the substantive offense itself is applicable to the instant case.

9. The statute involved in *Rosenson* was 18 U.S.C. § 1407, which concerns the departure or entry of a person convicted of violating any narcotic or marijuana law.

10. The Board of Immigration Appeals has adopted the reasoning in *Varga* for "use" cases. *Matter of Sum,* 13 I. & N. Dec. 569 (1970).

ed possession of marijuana is a deportable offense.

Petition denied.