# MATTER OF HOU

## In Deportation Proceedings

## A-26190776

### Decided by Board May 28, 1992

A conviction for an attempted firearms offense will not support a charge of deportability under section 241(a)(2)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(C) (Supp. II 1990).

CHARGE:

Order: Act of 1952—Sec. 241(a)(2)(C) [8 U.S.C. § 1251(a)(2)(C)]—Convicted of firearms violation

ON BEHALF OF RESPONDENT:            ON BEHALF OF SERVICE:
  Barry C. Schneps, Esquire              Matthew T. Adrian
  Sachs and Spector, P.C.                General Attorney
  1375 Broadway, 24th Floor
  New York, New York 10018

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated September 17, 1991, an immigration judge found the respondent deportable under section 241(a)(2)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(C) (Supp. II 1990), as an alien who had committed a firearms offense, denied his application for relief under section 212(c) of the Act, 8 U.S.C. § 1182(c) (Supp. II 1990), for lack of statutory eligibility, and ordered him deported from the United States to Canada.[1] The respondent timely appealed from that decision. The appeal will be sustained and the proceedings will be terminated.

The respondent is a 29-year-old native of Hong Kong and citizen of Canada who adjusted his status to that of a lawful permanent resident

---

[1] Certain sections of the Immigration and Nationality Act were redrafted and redesignated by the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978. Since the decision below discusses certain statutory grounds of deportability as constituted both before and after the passage of that legislation, reference to those statutes will accordingly specify whether the provision under discussion is as currently or formerly enacted.

of the United States on June 1, 1984. On July 9, 1990, the respondent pleaded guilty to two counts of attempted criminal possession of a weapon in the third degree, in violation of sections 110 and 265.02(3) and (4) of the New York Penal Law.[2] Consequently, the respondent was sentenced to a definite term of imprisonment of 1 year, of which he served 8 months. As a result of this conviction, the Immigration and Naturalization Service charged the respondent with deportability under section 241(a)(2)(C) of the Act as an alien convicted of a firearms offense.

At a deportation hearing conducted on June 25, 1991, the respondent admitted that he had been convicted as described above and conceded deportability as charged. At a continued hearing on September 17, 1991, however, the respondent withdrew his prior concession and claimed that he was not deportable under section 241(a)(2)(C) of the Act on the ground that attempted firearms violations are not encompassed by that provision. The respondent then requested a further continuance in order to secure a copy of a written transcript of his criminal proceedings. That request was denied.

In his oral decision, the immigration judge found the respondent deportable on the basis of his admitted conviction for attempted possession of a weapon and characterized the sole issue in the case to be the respondent's eligibility for relief from deportation under section 212(c) of the Act. In this regard, the immigration judge took note of the Attorney General's recent determination in *Matter of Hernandez-Casillas*, 20 I&N Dec. 262 (BIA 1990; A.G. 1991), *aff'd*, 983 F.2d 231 (5th Cir. 1993), holding that grounds of deportability that do not possess corresponding exclusion grounds are not subject to waiver under section 212(c). Referencing this Board's earlier decision in *Matter of Granados*, 16 I&N Dec. 726 (BIA 1979), *aff'd*, 624 F.2d 191 (9th Cir. 1980), the immigration judge concluded that the respondent's ground of deportability for having committed a firearms-related

---

[2]The pertinent statutes under which the respondent was convicted provide:
   § 110.00 Attempt to commit a crime
   A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime.
   § 265.02 Criminal possession of a weapon in the third degree
   A person is guilty of criminal possession of a weapon in the third degree when:
   . . . .
   (3) He knowingly has in his possession a machine-gun, firearm, rifle or shotgun which has been defaced for the purpose of concealment or prevention of the detection of a crime or misrepresenting the identity of such machine-gun, firearm, rifle or shotgun; or
   (4) He possesses any loaded firearm. Such possession shall not ... constitute a violation of this section if such possession takes place in such person's home or place of business.

offense was such a nonwaivable ground of deportability under section 212(c). Finding him ineligible for any other form of relief from deportation, the immigration judge ordered the respondent deported.

On appeal, the respondent renews his contention that a strict construction of section 241(a)(2)(C) of the Act excludes "attempts" to commit the substantive offenses enumerated therein and that he is not therefore deportable as charged under that provision. In the alternative, the respondent claims that he is eligible to adjust his status to that of a lawful permanent resident under section 245 of the Act, 8 U.S.C. § 1255 (1988). Finally, the respondent also claims that he is eligible for a waiver under section 212(c) of the Act under color of *Francis v. INS*, 532 F.2d 268 (2d Cir. 1976).[3]

In its brief in opposition to the respondent's appeal, the Service concurs that the issue of the respondent's deportability has been preserved for our review. It argues, however, that the language of section 241(a)(2)(C) of the Act is sufficiently broad to include convictions for attempted weapons violations, and further, that the clear intent of Congress in enacting that section was to render deportable aliens convicted of such offenses.

The sole issue in this case is whether an attempted weapons violation is sufficient to sustain a charge of deportability under section 241(a)(2)(C) of the Act. That provision currently reads:

> *Certain firearm offenses.* Any alien who at any time after entry is convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying in violation of any law, any weapon, part, or accessory which is a firearm or destructive device (as defined in section 921(a) of title 18, United States Code) is deportable.

The respondent is correct in noting that the word "attempt" does not appear in section 241(a)(2)(C) as currently drafted. In this respect, we are also aware of the presumption that congressional intent is normally deemed to be expressed by the plain meaning of the language of the statute alone. *See, e.g., Ardestani v. INS*, 502 U.S. 129, 133-34 (1991), and cases cited therein. It is an equally well-established precept of statutory interpretation, however, that the plain language of a statute will not be given effect in cases in which its overall purpose would thereby be frustrated. *See, e.g., Church of the Holy Trinity v. United States*, 143 U.S. 457 (1892).

---

[3] At an earlier hearing the respondent also expressed an intention to apply for adjustment of status but failed to do so before the final hearing date. After entering his oral decision, the immigration judge afforded the respondent an additional 10 days in which to file an application for such relief. No application was ever filed, however. In addition, we note in passing that, given our disposition of the respondent's appeal, we do not consider his alternative claim of eligibility for relief under section 212(c) of the Act under the rationale of *Francis v. INS, supra.*

In keeping with the broad purpose of the immigration laws, we have in the past rejected a strict interpretation of a similar ground of deportability in an analogous case. Former section 241(a)(11) of the Act, 8 U.S.C. § 1251(a)(11) (1988), (current version at section 241(a)(2)(B)(i), 8 U.S.C. § 1251(a)(2)(B)(i) (Supp. II 1990)), previously provided in pertinent part:

> Any alien in the United States . . . shall, upon the order of the Attorney General, be deported, who—
>
> . . . at any time has been convicted of a violation of, or a conspiracy to violate, any law or regulation of a State, the United States, or a foreign country relating to a controlled substance . . . .

Like the current section 241(a)(2)(C) of the Act, former section 241(a)(11) did not explicitly list attempted violations of drug-related crimes as deportable offenses. Emphasizing the broad coverage implied by the phrase "relating to" in section 241(a)(11), however, this Board held that such convictions did in fact render an alien deportable under that section notwithstanding the absence of the term "attempt." *Matter of Bronsztejn*, 15 I&N Dec. 281 (BIA 1974), *aff'd*, 526 F.2d 1290 (2d Cir. 1975). In reaching our conclusion, we took note of other decisions in which convictions for attempted crimes rendered an alien deportable under similar statutes. *See Matter of V-*, 4 I&N Dec. 100 (BIA 1950) (attempted bribery); *Matter of S-*, 3 I&N Dec. 617 (BIA 1949) (attempted arson); *Matter of De S-*, 1 I&N Dec. 553 (BIA 1943) (attempted smuggling); *Matter of E-*, 1 I&N Dec. 505 (BIA 1943) (attempted compulsory prostitution of women); *Matter of B-*, 1 I&N Dec. 47 (BIA 1941) (attempted fraud).[4]

Were this case to be decided solely on the basis of the above precedent decisions, we would likely agree with the Service's argument that the language of section 241(a)(2)(C) of the Act is sufficiently broad to include attempted firearms violations.[5] The grounds of deportabili-

---

[4] In its brief in opposition to the respondent's appeal, the Service correctly points out that no distinction is made for immigration purposes between an attempt to commit and the actual commission of a crime involving moral turpitude. *United States ex rel. Meyer v. Day*, 54 F.2d 336 (2d Cir. 1931); *Matter of Awaijane*, 14 I&N Dec. 117 (BIA 1972). In this context, however, because a "crime involving moral turpitude" is defined by the actor's intent, an unsuccessful attempt to commit such a crime evidences the same "malicious intention" as if the attempt had succeeded. *Matter of Awaijane, supra*, at 118-19. This reasoning is thus distinguishable from the holding in *Matter of Bronsztejn, supra*, which relies on the broad coverage of the term "relating to" to encompass attempt crimes.

[5] We note a distinction between section 241(a)(2)(C) of the Act and the former section 241(a)(11). In *Matter of Bronsztejn, supra*, this Board relied on the use of the phrase "relating to" in finding attempt violations included in section 241(a)(11). *Id.* at 283. Section 241(a)(2)(C), however, does not employ an identical construction, but instead renders deportable aliens convicted under "any law" of purchasing, selling, possessing,

ty at issue in those cases, however, have since been revised and redesignated in the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978 ("1990 Act"), and amended by the subsequent Miscellaneous and Technical Immigration and Nationality Amendments of 1991, Pub. L. No. 102-232, 105 Stat. 1733 ("1991 Amendments"). We believe the changes made by these two acts of legislation and their relevant legislative history reflect a contrary congressional intent and thus mandate a different result.

The first important change involves the former section 241(a)(11) of the Act, which was at issue in *Matter of Bronsztejn, supra*. The successor to that provision is the current section 241(a)(2)(B)(i), which now explicitly includes attempted violations of controlled substance laws. Although this amendment in essence codifies our earlier decision in *Matter of Bronsztejn*, legislative materials may be found evidencing Congress' belief that it was effecting a substantive change to the law.

Unfortunately, our task of determining congressional intent with precision from the legislative history of the Immigration Act of 1990 is not made an easy one, due to the almost complete lack of background materials prepared in conjunction with the redrafting of the exclusion and deportation grounds in that legislation. *See, e.g.*, H.R. Conf. Rep. No. 955, 101st Cong., 2d Sess. 128-33 (1991). In another title of the 1990 Act, however, certain criminal provisions may be found that offer, albeit derivatively, a significant insight into Congress' intent with respect to changes made to the former section 241(a)(11) of the Act.

Section 508(a) of the Immigration Act of 1990, 104 Stat. at 5051, is entitled "Deportation for Attempted Violations of Controlled Substances Laws" and reads:

> IN GENERAL. Section 241(a)(11) (8 U.S.C. 1251(a)(11)) is amended by inserting "or attempt" after "conspiracy".

We first note that this provision is anomalous, given the reconstitution of section 241(a)(11) of the Act as section 241(a)(2)(B)(i), and is without legal or practical effect, given that the former section 241(a)(11) no longer exists. Furthermore, as noted above, its replacement provision already includes attempted violations relating to

---

etc., a firearm. In its brief on appeal, the Service cites in this respect to *United States v. Rosenson*, 291 F. Supp. 874 (E.D. La. 1968), *aff'd*, 417 F.2d 629 (5th Cir. 1969), *cert. denied*, 397 U.S. 962 (1970), in which the court held that a violation of "*any* of the narcotic or marihuana laws" included attempts to commit violations of such laws. *Id.* at 878. Although the provision interpreted in *Rosenson* employed very similar statutory language to section 241(a)(2)(C) of the Act, that case was not decided in the wake of recent legislative action evidencing congressional intent with respect to its inclusion or omission of the term "attempt" in drafting the statute in question.

controlled substances. In a committee report to an earlier version of section 508(a) in another pending bill (the Comprehensive Crime Control Act of 1990, H.R. 5269, 101st Cong., 2d Sess. (1990)), the House Committee on the Judiciary stated in pertinent part:

> Current law [former section 241(a)(11) of the Act] renders deportable aliens who have been convicted of violating, or conspiring to violate, any Federal or state law regarding controlled substances. It does not make attempts to violate such law a deportable offense. By contrast, a conspiracy or attempt to traffic in controlled substances makes an alien an aggravated felon. Section 1507 [of the Comprehensive Crime Control Act of 1990] corrects this oversight by making a conviction for attempting to violate controlled substances laws a deportable offense.

H.R. Rep. No. 681, 101st Cong., 2d Sess., pt. 1, at 150 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6472, 6555-56.[6]

It is clear from the above that the House Judiciary Committee believed that the addition of the term "attempt" to the former section 241(a)(11) of the Act would close a loophole in the law which allowed aliens convicted of attempted crimes involving controlled substances to defeat deportability. Although this loophole did not in fact exist due to *Matter of Bronsztejn, supra,* the significance of the Committee's report is that it reflects its belief that the addition of the term "attempt" to former section 241(a)(11) of the Act constituted a substantive amendment and further that, without it, attempt crimes did not otherwise give rise to deportability under that provision.

We consider this evidence of Congress' intent in adding "attempt" to the former section 241(a)(11) of the Act as favoring the respondent's argument that the absence of that term from section 241(a)(2)(C) excludes attempted firearms convictions as a ground for deportability. The respondent also points out that the word "attempt" was recently

---

[6] Section 508(a) of the 1990 Act has a somewhat complicated legislative history. That provision appeared in H.R. 4300, 101st Cong., 2d Sess. (1990). In addition, an exact counterpart of section 508(a) was also before Congress in section 1507 of the then-proposed Comprehensive Crime Control Act of 1990, H.R. 5269, whose criminal alien provisions were "virtually identical" to those of H.R. 4300. H.R. Rep. No. 681, *supra,* at 147, *reprinted in* 1990 U.S.C.C.A.N. at 6553. *Compare* H.R. 5269, title XV, *with* Immigration Act of 1990, title V. On August 1, 1990, however, the House Judiciary Committee approved a substitute bill to H.R. 4300, which omitted the criminal alien provisions. The House passed that substitute legislation on October 3, 1990. In conference over the course of the next few weeks, the criminal alien provisions of the crime control bill, H.R. 5269, were transferred to the immigration legislation now designated as S. 358, 101st Cong., 2d Sess. (1990). *See* 67 Interpreter Releases, No. 41, Oct. 29, 1990, at 1209-12. This 11th hour action offers a probable explanation for the redundancy and anomaly of section 508(a) as it was finally enacted in the Immigration Act of 1990: the revised deportation grounds were also added in conference, and the redundancy with respect to the former section 241(a)(11) of the Act in light of this revision was likely overlooked before the bill's enactment.

inserted in another criminal provision in the Act, section 241(a)(2)(D). As originally enacted, that provision read:

*Miscellaneous crimes.* Any alien who at any time has been convicted (the judgment on such conviction becoming final) of, or has been so convicted of a conspiracy to violate—

(i) any offense under chapter 37 (relating to espionage), chapter 105 (relating to sabotage), or chapter 115 (relating to treason and sedition) of title 18, United States Code, for which a term of imprisonment of five years or more may be imposed;

(ii) any offense under section 871 or 960 of title 18, United States Code;

(iii) a violation of any provision of the Military Selective Service Act (50 U.S.C. App. 451 et seq.) or the Trading With the Enemy Act (50 U.S.C. App. 1 et seq.); or

(iv) a violation of section 215 or 278 of this Act, is deportable.

As is clear from the above text, the miscellaneous crimes provision did not contain the term "attempt" in its list of deportable offenses when first enacted as part of the 1990 Act. This is similar to section 241(a)(2)(C) at issue here, but in contrast to section 241(a)(2)(B)(i) which, as discussed earlier, specifically includes attempted violations of laws relating to controlled substances.

In December 1991, however, Congress enacted the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991.[7] Section 307(h)(7) of that bill reads in full:

Section 241(a) of the [Immigration and Nationality Act], as amended by section 602(a) of the Immigration Act of 1990, is amended—

(7) in paragraph (2)(D), by inserting "or attempt" after "conspiracy" ....

105 Stat. at 1755-56.

The limited legislative history that relates to this amendment indicates only the change "[p]rovide[d] for deportation for convictions of attempted crimes." H.R. Rep. No. 383, 102d Cong., 1st Sess. 9 (1991), *reprinted in* 1991 U.S.C.C.A.N. 1372, 1380. The respondent claims that, by implication, section 241(a)(2)(D) of the Act did not encompass attempted crimes before the 1991 Amendments. The respondent further argues that section 241(a)(2)(C), having been enacted without the term "attempt" and left unamended by the 1991 Amendments, must exclude such crimes from its purview.

It is a well-established rule of statutory construction that, in cases in which Congress includes particular language in one section of a statute but omits that language in another section of the same statute, a presumption arises that the disparate inclusion and exclusion was

---

[7]The purpose of the 1991 Amendments was, among other things, to make certain technical corrections relating to the immigration laws, which were needed in light of the scope and complexity of the 1990 Act and its swift progress from introduction to enactment. *See* H.R. Rep. No. 383, *supra*, at 2, *reprinted in* 1991 U.S.C.C.A.N. at 1372.

intentional and purposeful. *See INS v. Cardoza-Fonseca*, 480 U.S. 421, 449 (1987), and cases cited therein; *Matter of Soleimani*, 20 I&N Dec. 99 (BIA 1989).

Based on the above, we conclude that the absence of the term "attempt" in section 241(a)(2)(C) of the Act should be read as excluding attempted firearms violations from the reach of that provision. In so finding, we first note that Congress has recently amended the criminal grounds of deportability that immediately precede and follow section 241(a)(2)(C) to explicitly include attempt crimes. The second of these inclusions, moreover, took place after Congress had reviewed the earlier legislation for needed corrections and amendments. In addition, the legislative history, although meager, supports the respondent's claim that the addition of the term "attempt" to these provisions is not simply surplusage but instead reflects congressional intent to broaden the previous criminal grounds of deportability. By negative implication, it follows that the omission of this term from section 241(a)(2)(C) is likewise due operative effect. *INS v. Cardoza-Fonseca, supra.*

As a final note, although we find the foregoing to be convincing, we reference in closing the canon of statutory interpretation uniquely applicable to the immigration laws, which requires any doubts in construing those statutes to be resolved in favor of the alien due to the potentially drastic consequences of deportation. *Id.* at 449; *Costello v. INS*, 376 U.S. 120, 128 (1964); *Barber v. Gonzalez*, 347 U.S. 637, 642-43 (1954); *Fong Haw Tan v. Phelan*, 333 U.S. 6 (1948); *Delgadillo v. Carmichael*, 332 U.S. 388 (1947); *Pacheco v. INS*, 546 F.2d 448, 449 (1st Cir. 1976); *Matter of Tiwari*, 19 I&N Dec. 875, 881 (BIA 1989); *see also Bell v. United States*, 349 U.S. 81, 83 (1955) (requiring ambiguous criminal statutes to be construed in favor of the defendant); *United States v. One Heckler-Koch Rifle*, 629 F.2d 1250 (7th Cir. 1980) (same rule applies in civil forfeiture proceedings in rem). Any remaining questions regarding the intent of Congress in omitting the term "attempt" in section 241(a)(2)(C) of the Act will therefore be decided in favor of the respondent in this case.

Consequently, we hold that the respondent is not deportable as charged under section 241(a)(2)(C) of the Act on the basis of his conviction for attempted possession of a firearm under sections 110 and 265.02(3) and (4) of the New York Penal Law. These deportation proceedings will accordingly be terminated.

**ORDER:** The appeal is sustained and the immigration judge's determination of the respondent's deportability is reversed.

**FURTHER ORDER:** The order of deportation is set aside and the deportation proceedings are terminated.