# Matter of Khanh Hoang VO, Respondent

*Decided March 4, 2011*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Where the substantive offense underlying an alien's conviction for an attempt offense is a crime involving moral turpitude, the alien is considered to have been convicted of a crime involving moral turpitude for purposes of section 237(a)(2)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A) (2006), even though that section makes no reference to attempt offenses.

FOR RESPONDENT: Timothy E. Hu, Esquire, Westminster, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Peter R. Lee, Assistant Chief Counsel

BEFORE: Board Panel: FILPPU, PAULEY, and WENDTLAND, Board Members.

PAULEY, Board Member:

In a decision dated January 29, 2009, an Immigration Judge terminated the removal proceedings against the respondent.[1] The Department of Homeland Security ("DHS") has appealed from that decision. The appeal will be sustained, the proceedings will be reinstated, and the record will be remanded to the Immigration Judge for further proceedings.

The respondent is a native and citizen of Vietnam who was admitted to the United States as a lawful permanent resident on September 27, 1989. The record reflects that he was convicted in California on July 10, 1995, of grand theft and receipt of stolen property. He was also convicted on April 23, 1996, of attempted grand theft.

The DHS initiated removal proceedings against the respondent, charging that he is deportable under section 237(a)(2)(A)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(ii) (2006), as an alien convicted of two or more crimes involving moral turpitude that did not arise out

---

[1] The proceedings were originally terminated on October 30, 2006, by an oral order, which the DHS appealed. On November 25, 2008, we returned the record to the Immigration Judge to prepare a full decision because we were unable to effectively review the oral order. The DHS now appeals from the Immigration Judge's subsequent written order.

of a single scheme of misconduct.  The Immigration Judge first found that there was insufficient evidence that the respondent's two 1995 convictions arose out of separate schemes of criminal misconduct and concluded that only one offense, the grand theft, could be considered.  He further determined that the respondent's 1996 attempted grand theft offense did not qualify as a crime involving moral turpitude under section 237(a)(2)(A)(ii) of the Act, because the statute does not expressly apply to convictions for attempt offenses.[2]

We note first that the DHS has not meaningfully challenged the Immigration Judge's finding that there was insufficient evidence that the respondent's two 1995 convictions did not arise out of a single scheme of criminal misconduct. We therefore affirm his conclusion that the DHS failed to meet its burden of proof in that regard.  Accordingly, only one of these convictions may be considered as a crime involving moral turpitude for purposes of section 237(a)(2)(A)(ii) of the Act.

In finding that attempt offenses are not included in section 237(a)(2)(A)(ii), the Immigration Judge noted our decisions in *Matter of Awaijane*, 14 I&N Dec. 117, 118-19 (BIA 1972), and *Matter of Katsanis*, 14 I&N Dec. 266, 269 (BIA 1973), where we held that there is no distinction between a crime involving moral turpitude and an attempt to commit such a crime.  However, he determined that those decisions had been superseded by subsequent amendments to the sections of the Act concerning the inadmissibility and deportability of aliens convicted of crimes involving moral turpitude. Specifically, the Immigration Judge contrasted section 212(a)(2)(A)(i)(I) of the Act, 8 U.S.C. § 1182(a)(2)(A)(i)(I) (2006),[3] which expressly includes as a ground of inadmissibility the attempt to commit a crime involving moral turpitude, with section 237(a)(2)(A)(ii), which makes no reference to attempts. In the Immigration Judge's view, including attempt offenses within the scope

---

[2] Section 237(a)(2)(A)(ii) of the Act provides as follows:

> Any alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial, is deportable.

Similarly, section 237(a)(2)(A)(i)(I), which relates to a single crime involving moral turpitude, does not include any reference to attempt offenses.

[3] Section 212(a)(2)(A)(i)(I) of the Act provides, in pertinent part, as follows:

> [A]ny alien convicted of . . . a crime involving moral turpitude . . . or an attempt or conspiracy to commit such a crime . . . is inadmissible.

of section 237(a)(2)(A)(ii) would render the explicit reference to attempts in section 212(a)(2)(A)(i)(I) superfluous.

On appeal, the respondent urges us to adopt the Immigration Judge's reasoning. He argues that section 237(a)(2)(A)(ii) of the Act clearly does not encompass attempt offenses, which are expressly included in the ground of inadmissibility for crimes involving moral turpitude at section 212(a)(2)(A)(i)(I), as well as the grounds of deportability for controlled substances, firearms, and miscellaneous offenses at sections 237(a)(2)(B), (C), and (D) of the Act.

We acknowledge that section 237(a)(2)(A)(ii) does not expressly refer to attempt offenses. However, it is well established that for immigration purposes, with respect to moral turpitude there is no distinction between the commission of the substantive crime and the attempt to commit it. *Matter of Katsanis*, 14 I&N Dec. at 269; *Matter of Awaijane*, 14 I&N Dec. at 118-19; *see also Matter of Davis*, 20 I&N Dec. 536, 545 (BIA 1992), *modified on other grounds*, *Matter of Yanez*, 23 I&N Dec. 390, 396 (BIA 2002). An attempt involves the specific intent to commit the substantive crime, and if commission of the substantive crime involves moral turpitude, then so does the attempt, because moral turpitude inheres in the intent. *Matter of Katsanis*, 14 I&N Dec. at 269; *see also Matter of Bronsztejn*, 15 I&N Dec. 281, 282 (BIA 1974) (stating that attempt "takes its character and its quality from the nature of the law toward whose violation it is or was directed"), *aff'd*, 526 F.2d 1290 (2d Cir. 1975).

Accordingly, we have only looked at the substantive crimes to determine whether inchoate offenses, such as attempt, conspiracy, accessory before the fact, or solicitation, constitute crimes involving moral turpitude. *See Matter of Short*, 20 I&N Dec. 136, 138 n.1 (BIA 1989); *Matter of Flores*, 17 I&N Dec. 225, 228 (BIA 1980); *Matter of Westman*, 17 I&N Dec. 50 (BIA 1979); *Matter of McNaughton*, 16 I&N Dec. 569, 573 n.2 (BIA 1978), *aff'd*, 612 F.2d 457 (9th Cir. 1980); *see also Matter of Zorilla-Vidal*, 24 I&N Dec 768 (BIA 2009) (reaffirming *Matter of Beltran*, 20 I&N Dec. 521 (BIA 1992), in holding that criminal solicitation to deliver a controlled substance is a deportable offense). *But see Matter of Hou*, 20 I&N Dec. 513 (BIA 1992), *superseded by statute*, Immigration and Nationality Technical Corrections Act of 1994, Pub. L. No. 103-416, § 203(b), 108 Stat. 4305, 4311, *and disapproved by Mizrahi v. Gonzales*, 492 F.3d 156, 166-67 (2d Cir. 2007). *See generally Matter of Batista-Hernandez*, 21 I&N Dec. 955, 958 (BIA 1997) (discussing inchoate crimes).

Agreeing with this approach, the Ninth Circuit has stated, "We have previously looked to underlying crimes in determining whether convictions for inchoate offenses constitute crimes involving moral turpitude." *Barragan-Lopez v. Mukasey*, 508 F.3d 899, 903 (9th Cir. 2007) (citing

*Goldeshtein v. INS*, 8 F.3d 645, 647 n.6 (9th Cir. 1993); *McNaughton v. INS*, 612 F.2d at 459). In *Barragan-Lopez*, the court held that because drug-trafficking offenses, including possession of unlawful substances for sale, generally involve moral turpitude, solicitation to commit such an offense was a crime involving moral turpitude. It therefore concluded that the alien was deportable under section 237(a)(2)(A)(i) of the Act based on his conviction for a crime involving moral turpitude, despite the lack of a specific reference to "solicitation" offenses in the statute.

In reaching that conclusion, the Ninth Circuit distinguished section 237(a)(2)(A)(i) from other parts of the Act that specifically include attempt and conspiracy. The court noted its prior holding that where a statute, such as section 237(a)(2)(B)(i) of the Act, which relates to drug offenses, lists some generic offenses (i.e., attempt or conspiracy) but omits others (e.g., solicitation), the statute only covers the generic offenses that are expressly listed. *Barragan-Lopez v. Mukasey*, 508 F.3d at 904 (citing *Coronado-Durazo v. INS*, 123 F.3d 1322 (9th Cir. 1997)). Finding that situation inapplicable, however, the Ninth Circuit found that because section 237(a)(2)(A)(i) does *not* list certain generic offenses, there is no such limitation on the offenses it covers. The court therefore concluded that a solicitation offense would support a finding of deportability under section 237(a)(2)(A)(i) if the underlying crime involved moral turpitude.[4] *See id.* at 903-04.

We likewise conclude that where the substantive offense underlying an alien's conviction for an attempt is a crime involving moral turpitude, the alien is considered to have been convicted of a crime involving moral turpitude for purposes of section 237(a)(2)(A) of the Act, even though that section makes no reference to attempt offenses. Our conclusion does not render superfluous the "attempt" language that Congress included in other sections of the Act. Congress may have added this language as a point of special emphasis to remove any doubt that those sections included such offenses. *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 226 (2008); *Peters v. Ashcroft*, 383 F.3d 302, 308 (5th Cir. 2004) (stating that "the statutory references

---

[4] In effect, the Ninth Circuit has indicated that section 237(a)(2)(A) is *broader* in its coverage of crimes involving moral turpitude than section 212(a)(2)(A)(i)(I), because it would include inchoate offenses, such as solicitation and facilitation, that are not specifically enumerated in the inadmissibility statute, which lists only attempts and conspiracies. We observe, however, in this regard, that section 212(a)(2)(A)(i)(I) also excludes any "purely political offense" from being considered a crime involving moral turpitude, but that no such exclusion is reflected in section 237(a)(2)(A)(i)(I) or (ii). We do not intend to imply any view on whether a purely political offense that is a crime involving moral turpitude would support a finding of deportability under section 237(a)(2)(A)(i)(I) or (ii).

to conspiracy and attempt are illustrative without being exclusive"). Furthermore, the legislative history is silent as to Congress' intent in adding the "attempt" language in those particular sections, but not to others such as section 237(a)(2)(A). Since the "attempt" language was added to the various sections of the Act at different times, its inclusion does not represent a unified design to effectuate a single intent.[5] Therefore we cannot reasonably conclude that Congress' express *inclusion* of attempt offenses in other sections of the Act was actually an intentional *exclusion* of them from section 237(a)(2)(A). *See United States v. Atlantic Research Corp.*, 551 U.S. 128, 137 (2007) ("[O]ur hesitancy to construe statutes to render language superfluous does not require us to avoid surplusage at all costs."); *Mizrahi v. Gonzales*, 492 F.3d at 174 (relying on *Matter of Beltran*, 20 I&N Dec. at 526 n.12, in stating that "Congress's explicit reference to certain inchoate offenses as grounds for deportation did not indicate its intent to exclude others not so referenced").

It is clear that grand theft is a crime involving moral turpitude. *Rashtabadi v. INS*, 23 F.3d 1562, 1568 (9th Cir. 1994). The respondent's attempted grand theft offense is therefore a crime involving moral turpitude. *See Caroleo v. Gonzales*, 476 F.3d 158, 164-65 (3d Cir. 2007) (stating that attempted murder "can be characterized as a crime involving moral turpitude for the purposes of determining *removability*"). Consequently, we conclude that he is deportable under section 237(a)(2)(A)(ii) of the Act based on his convictions for grand theft in 1995 and for attempted grand theft in 1996. Accordingly, the DHS's appeal will be sustained and the removal proceedings will be reinstated. The record will be remanded to the Immigration Judge to give the respondent an opportunity to seek any relief from removal for which he may be eligible.

**ORDER:** The appeal of the Department of Homeland Security is sustained, the decision of the Immigration Judge is vacated, and the removal proceedings

---

[5] The "attempt" language was added to the ground of deportability for controlled substances, which is currently at section 237(a)(2)(B)(i) of the Act, by section 508(a) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5051. *See* H.R. Rep. No. 101-955, at 132 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6784, 6797. It was later added to the miscellaneous offenses ground of deportability, currently at section 237(a)(2)(D), by section 307(h)(7) of the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, Pub. L. No. 102-232, 105 Stat. 1733, 1756. *See* H.R. Rep. No. 102-383, at 27 (1991), *reprinted in* 1991 U.S.C.C.A.N. 1372, 1380, 1991 WL 257487. Section 203 of the Immigration and Nationality Technical Corrections Act of 1994, 108 Stat. at 4311, added attempt offenses to both the ground of inadmissibility for crimes involving moral turpitude at section 212(a)(2)(A)(i)(I) of the Act and to the grounds of deportability for firearms offenses and for failure to register and falsification of documents, which are now at sections 237(a)(2)(C) and (3)(B)(ii) and (iii).

against the respondent are reinstated.

    **FURTHER ORDER:**  The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.