**GUAN CHOW TOK and Pak Suen Stephen Lai, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**Nos. 844, 1104, Dockets 75–4229, 75–4251.**

United States Court of Appeals, Second Circuit.

Argued April 23, 1976.

Decided July 8, 1976.

---

9. Ibid.

Joseph Marro, New York City (Fried, Fragomen & DelRey, P. C., Martin L. Rothstein, New York City, of counsel), for petitioners.

Thomas H. Belote, Sp. Asst. U.S. Atty., New York City (Robert B. Fiske, Jr., U.S. Atty. S.D. N.Y., New York City, Mary P. Maguire, Sp. Asst. U.S. Atty., of counsel), for respondent.

Before MOORE, FEINBERG and GURFEIN, Circuit Judges.

PER CURIAM:

Guan Chow Tok ("Tok") and Pak Suen Stephen Lai ("Lai") come before this Court on consolidated petitions for review of a final order of deportation entered on September 12, 1975 by the Board of Immigration Appeals. Mindful of the hardship that deportation entails, we must nevertheless deny the petitions.

Tok is an alien and citizen of Mainland China who was admitted into the United States in June of 1969 as a permanent resident. On January 3, 1973 he was convicted of narcotics offenses in the federal district court for the Southern District of New York. After a period of incarceration, he was released on parole.

Lai, also a permanent resident of the United States since December of 1970, is a native of Hong Kong. On January 23, 1973, Lai pleaded guilty to narcotics offenses in the federal district court for the Southern District of New York. Lai alleges that he was unaware that his plea of guilty would result in deportation proceedings being brought against him.

At their respective deportation hearings, Tok and Lai conceded the factual allegations against them. However, they urged that the immigration judge exercise discretion and withhold deportation on the basis of their cooperation with federal authorities in connection with the criminal cases brought against them in the Southern District, and in consideration of the hardship that deportation would cause their families.

Deportation having been ordered, Tok and Lai turned to this Court, where they argued first, that their cooperation with the authorities had been premised on the government's promise that deportation would be withheld; second, that 8 U.S.C. § 1251(a)(11), which mandates the deportation of aliens who have been convicted of narcotics offenses, is an unconstitutional denial of equal protection of the laws because permanent residents are subject to it while citizens are not; and third, that the immigration judge improperly declined to exercise discretion in the disposition of their cases.

■ With respect to petitioners' first argument, we find no evidence in the record which would indicate that any promise was made by the government regarding the withholding of deportation.[1] Petitioners' allegation of promises broken is therefore without factual foundation. *Compare Geisser v. United States,* 513 F.2d 862 (5th Cir. 1975).

■ Petitioners' remaining arguments must be similarly rejected. The power of Congress to regulate the admission and expulsion of aliens is plenary and, absent patent abuse, not subject to judicial scrutiny. *See Kliendienst v. Mandel,* 408 U.S. 753, 92 S.Ct. 2576, 33 L.Ed.2d 683 (1972); *Bronsztejn v. Immigration and Naturalization Service,* 526 F.2d 1290 (2d Cir. 1975). Congress' decision to mandate the deportation of narcotics offenders is not without rational justification; accordingly, while we may be concerned at the hardship it imposes on the minor offender, we must nevertheless follow its strictures. *See Oliver v. United States Dept. of Justice, I. & N. Serv.,* 517 F.2d 426 (2d Cir. 1975). The same also applies to the immigration judge who cannot exercise discretion and withhold deportation in contravention of the statute. The language of § 1251(a)(11) is mandatory; once the Attorney General orders a proceeding commenced, the immigration judge must order deportation if the evidence supports a finding under the section.[2]

■ Petitioners' reliance on *Francis v. Immigration and Naturalization Service,* 532 F.2d 268 (2d Cir. 1976) is misplaced. In *Francis,* which dealt with the discretionary relief available under 8 U.S.C. § 1105(a) to an alien convicted of a narcotics offense, the Court held that the statute could not constitutionally distinguish between permanent residents who briefly departed (and thereafter returned) to the United States during the space of at least seven years' residency here, and those who were also here for at least seven years but who never left the country during that period; in other words, if discretionary relief were available to the former group, it would have to be available to the latter as well on the ground that both groups had completed seven years of residency in America. Since, in the case at bar, neither of the petitioners has been a permanent resident of the United States for a period of seven years, the statute discussed in *Francis* is clearly inapplicable. Nor does that case support petitioners' argument that the unavailability of discretionary relief for narcotics offenders is unconstitutional. In *Francis,* we held it irrational to distinguish between two categories of narcotics offenders on the basis of a brief

---

1. We note that both petitioners were represented by counsel during the proceedings.

2. The pertinent statutory language of § 1251 reads as follows:

"(a) Any alien in the United States . . . *shall, upon the order of the Attorney General, be deported who—*

(11) is, or . . . has been, a narcotic drug addict, or who at any time has been convicted of a violation of, or a conspiracy to violate, any law or regulation relating to the illicit possession of or traffic in narcotic drugs . . . ." (emphasis added).

visit out of the country. Here, the distinction is between narcotics offenders and other offenders, a distinction that has a reasonable basis. *Oliver v. United States Dept. of Justice, I. & N. Serv.,* 517 F.2d 426 (2d Cir. 1975).

The petitions for review are accordingly denied.