**Mark Anthony CATO, Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

**No. 1682, Docket 93–4039.**

United States Court of Appeals,
Second Circuit.

Argued June 10, 1993.

Decided May 23, 1996.

Robert A. Murtha, Jr., New York City, for Petitioner.

Diogenes P. Kekatos, Asst. U.S. Atty., S.D.N.Y., New York City (Roger S. Hayes, U.S. Atty., Mary Jo White, U.S. Atty., James A. O'Brien, III, Special Asst. U.S. Atty., Thomas A. Zaccaro, Asst. U.S. Atty., Claude M. Millman, Asst. U.S. Atty., of counsel), for Respondent.

Before OAKES, WINTER, and McLAUGHLIN, Circuit Judges. ·

**McLAUGHLIN, Circuit Judge:**

Mark Anthony Cato, a lawful permanent resident of the United States, pled guilty to possession of a loaded firearm, and thereafter the Immigration and Naturalization Service ("INS") brought deportation proceedings against him. Cato conceded his deportability, but asked for a chance to apply for a discretionary waiver of deportation. The immigration judge found Cato ineligible to apply for such relief, and ordered him deported. The Board of Immigration Appeals ("BIA") affirmed.

Cato petitioned this Court to review his deportation order. We initially held this case in abeyance pending the BIA's decision in *In re Esposito,* Interim Decision No. 3243 (BIA Mar. 30, 1995) (reported at 1995 WL 147030), following our remand of that case, *see Esposito v. INS,* 987 F.2d 108 (2d Cir. 1993). The *Esposito* proceedings have since come to a close.[1] We now decide Cato's case on the merits. For the reasons discussed below, the petition for review is denied.

## BACKGROUND

Cato, a native and citizen of Jamaica, has lawfully resided in the United States since 1981. In 1990, he was arrested after firing a gun in the direction of other people. On February 28, 1991, Cato pled guilty in New York state court to criminal possession of a

---

**1.** In *Esposito,* the BIA held in part that a deportee cannot cure his ineligibility for discretionary relief from deportation under the Immigration and Nationality Act § 212(c), 8 U.S.C. § 1182(c)—because his charged ground of deportation does not have a counterpart ground of exclusion listed in § 212(a) of that Act, 8 U.S.C. § 1182(a)—by showing that his offense may support some further ground for excludability that is so listed. *See Esposito,* Interim Decision No. 3243 at 13–15.

weapon in the third degree, in violation of N.Y. Penal Law § 265.02. The court sentenced him to one year's imprisonment.

On December 12, 1991, the INS served Cato with an order to show cause and notice of hearing, charging that his weapons conviction rendered him deportable from the United States, pursuant to § 241(a)(2)(C) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1251(a)(2)(C). At his deportation proceedings, Cato, represented by counsel, conceded his deportability, but requested an opportunity to apply to the Attorney General for a discretionary waiver of deportation pursuant to INA § 212(c), 8 U.S.C. § 1182(c).

Immigration Judge Sydney B. Rosenberg held that Cato was statutorily ineligible for § 212(c) relief. Noting that § 212(c) relief is available to a deportee only if the ground for deportation has an analogous ground for exclusion listed in INA § 212(a), 8 U.S.C. § 1182(a), Judge Rosenberg found that Cato's ground for deportation—a weapons offense—had no such analogue in § 212(a). Judge Rosenberg ordered Cato deported to Jamaica. Cato appealed to the BIA, which affirmed the order of deportation. The BIA agreed with Judge Rosenberg that Cato was ineligible for § 212(c) relief because "[t]here is no section 212(a) ground of excludability which corresponds to a charge of deportability under section 241(a)(2)(C) of the [INA] for conviction of a firearms violation."

Cato petitions this Court for review of his deportation order, arguing that: (1) Congress originally intended that aliens ordered deported because of a weapons conviction be entitled to § 212(c) relief; (2) Congress further intended, through recent amendments to the INA, to make § 212(c) relief available to aliens ordered deported because of a weapons conviction; and (3) if he is not eligible for § 212(c) relief, he is being denied his constitutional right to equal protection.

## DISCUSSION

Our question is singular and straightforward: may Cato, ordered deported on the sole ground of his weapons conviction, apply for a § 212(c) waiver of deportation? The answer is no.

### I. General Eligibility for § 212(c) Relief

An alien may be denied resident status in this country in one of two ways: (1) if he is already in the United States, he may be deported (under § 241); or (2) if he is not currently in the United States, but seeks to enter, he may be excluded (under § 212). Congress has chosen to treat deportation and exclusion differently: there are some acts or offenses that are grounds for deportation under § 241 which are not grounds for exclusion under § 212, and vice versa. *See generally* 8 U.S.C. §§ 1151–1365. Therein lies Cato's problem.

INA § 212 relates only to exclusion, and it sets forth several grounds to deny an alien admission into the United States. *See* 8 U.S.C. § 1182(a). But under § 212(c) the Attorney General, in her discretion, may allow an alien to be admitted despite § 212(a). *See* 8 U.S.C. § 1182(c).

While § 212(c), on its face, applies only to excludees, and not to deportees like Cato, we held in *Francis v. INS*, 532 F.2d 268 (2d Cir.1976), that, for equal protection reasons, § 212(c)'s privilege of discretionary waiver for aliens in *exclusion* proceedings should also be extended to similarly situated aliens in *deportation* proceedings. *See Francis*, 532 F.2d at 272. A deportee and an excludee are similarly situated when the ground for the deportee's removal from the country is the same as the ground for the excludee's denial of admission; thus, a § 212(c) waiver becomes available in a deportation proceeding if the reason for deportability is "substantially equivalent" to a ground of exclusion listed in § 212(a). *See Bedoya–Valencia v. INS*, 6 F.3d 891, 894 (2d Cir.1993); *Campos v. INS*, 961 F.2d 309, 313 n. 6 (1st Cir.1992).

Going a step further, in *Bedoya–Valencia v. INS*, 6 F.3d 891 (2d Cir.1993), we held that a deportee whose ground of deportation under § 241 could have no conceivable analogue in the exclusion setting should also be eligible for § 212(c) relief. For example, while an alien may be deported for "entry without inspection," *see* 8 U.S.C. § 1251(a)(1)(B), obviously an alien could not be excluded on that

ground—an excludee, by definition, has not yet "entered" the country, and, hence, could not possibly have done so without inspection, see Bedoya–Valencia, 6 F.3d at 894–95. In those limited circumstances, we found that a "modest extension" of the Francis rule would promote "coherence and consistency" in the statutory scheme. See id. at 897. We were, perhaps, emboldened by the lack of legislative guidance, and the fact that the Francis rule itself—which was judicially (not legislatively) crafted—gave rise to the "interstitial issue" we faced. Id.

Thus, the confluence of Francis and Bedoya–Valencia results in three categories into which a deportee seeking the privilege of a § 212(c) waiver may fall:

(1) The deportee's ground of deportation may be congruent with a ground of exclusion listed in § 212(a). Such a deportee is eligible for § 212(c) relief.

(2) The deportee's ground of deportation may be one that could not possibly be analogous to a ground of exclusion. Such a deportee is also eligible for § 212(c) relief.

(3) The deportee's ground of deportation may be one that could conceivably have an analogous ground of exclusion under § 212(a) but, unhappily, Congress has not chosen to include that ground in § 212(a). Such a deportee is not eligible for § 212(c) relief.

■ Cato falls squarely into the third group. He does not fall into the first group, because a weapons offense is not a ground of exclusion listed in § 212(a)—Cato candidly concedes as much. Although Cato believes he falls into the second category, his argument is misplaced. There is no question that Congress, had it so chosen, could have included weapons offenses as grounds of exclusion; but it has not. Because a weapons offense is not a ground of deportation that "could not conceivably" have an exclusion counterpart, see Bedoya–Valencia, 6 F.3d at 897, the Bedoya–Valencia reasoning does not apply. Thus, Cato is ineligible for § 212(c) relief.

## II. Congressional Intent

In an attempt to stretch § 212(c) to cover him, Cato mounts several assaults on the overall scheme created by Francis and Bedoya–Valencia.

First, Cato argues that Congress did intend to extend the privilege of § 212(c) relief to aliens ordered deported because of a weapons conviction. Specifically, he claims that Congress designed § 212(c) to be a broad, humanitarian provision, permitting forgiveness in deportation proceedings to lawful permanent residents with deeply-rooted ties to the United States. Cato asserts that denial of § 212(c) eligibility to weapons offenders violates this intent.

This argument flies in the teeth of the statute itself, which unequivocally provides relief only for excludees, and, then, only for certain specified grounds of exclusion. See 8 U.S.C. § 212. It also flouts the legislative history, which indicates that Congress intended that § 212(c) relief be granted sparingly. See H.R.Rep. No. 1365, 82nd Cong., 2d Sess. 2 (1952), reprinted in 1952 U.S.C.C.A.N. 1653, 1705 ("any discretionary authority to waive the grounds for exclusion should be carefully restricted to those cases where extenuating circumstances clearly require such action and ... the discretionary authority should be surrounded with strict limitations"). In any event, we rejected Cato's "original intent" argument, at least implicitly, in Francis: if Congress wished to provide sweeping and generous relief to all deportees with substantial ties to the country, we would have recognized this gesture in Francis, and would not have narrowed our holding to deportees who can show an analogous ground of exclusion in § 212(a). See Francis, 532 F.2d at 273; see also Leal–Rodriguez v. INS, 990 F.2d 939, 949–950 (7th Cir.1993).

## III. ADAA and IMMACT

■ Cato claims that Congress intended, through recent amendments to the INA, to extend § 212(c) relief to aliens ordered deported on the ground of a weapons conviction. He points to the Anti–Drug Abuse Act of 1988 ("ADAA"), Pub.L. No. 100–690, 102 Stat. 4181 (1988), and the Immigration Act of

1990 ("IMMACT"), Pub.L. No. 101–649, 104 Stat. 4978 (1990). But neither of those statutes can carry the weight Cato seeks to place on them.

### A. ADAA

The ADAA added to federal law two new grounds of deportation. With ADAA § 7348(a), 102 Stat. 4473, Congress amended INA § 241(a)(14), 8 U.S.C. § 1251(a)(14), to make the illegal possession of any firearm a deportable offense. *See* 8 U.S.C. 1251(a)(2)(C) (current version); *see also Campos,* 961 F.2d at 314. And, ADAA § 7344(a), 102 Stat. 4470, amended INA § 241(a)(4), 8 U.S.C. § 1251(a)(4), to include an aggravated felony as a ground for deportation. *See* 8 U.S.C. § 1251(a)(2)(A)(iii) (current version).

Cato asserts (without citation) that several Senators supported a provision that would have made aggravated-felon-deportees expressly ineligible for § 212(c) relief, and that Congress rejected this provision. Cato then argues that, "[i]n view of the careful congressional consideration given to the deportation of aggravated felons, precluding § 212(c) relief for simple unlawful possession of a handgun would contravene both the spirit and intent of Congress as evidenced in the ADAA." Petitioner's Brief at 10. We are not persuaded.

Even accepting Cato's allegations of "careful congressional consideration," such consideration related only to the eligibility of aggravated felons for § 212(c) relief, and did not relate to eligibility of weapons offenders. As to congressional treatment of *weapons offenders* in the ADAA:

> The amendment [of section 241(a)(14) to include all weapons offenders] itself showed only that Congress believed such offenses were now serious enough to warrant deportation. What, if anything, Congress may have thought on the issue of discretionary relief [for weapons offenders] is simply unknown....

*Campos,* 961 F.2d at 314. If Congress wanted to confer upon weapons offenders the privilege of discretionary waiver from deportation, it could have done so expressly, or it could have added weapons offenses to

§ 212(a) as waivable grounds of exclusion. Until it does one of these things, we must assume that Congress intended that weapons offenders be ineligible for § 212(c) relief.

### B. IMMACT

With IMMACT § 511(a), 104 Stat. 5052, Congress amended INA § 212(c), 8 U.S.C. § 1182(c), to provide that an alien convicted of an aggravated felony who has served five years or more in prison is ineligible for a discretionary waiver. *See* 8 U.S.C. § 1182(c). Cato discerns from that provision an intent that permanent resident aliens convicted of aggravated felonies who serve less than five years in prison be automatically eligible for § 212(c) relief. And, Cato argues, it would undermine congressional intent to allow some aggravated felons to apply for § 212(c) relief, but prohibit simple weapons offenders from requesting a discretionary waiver.

But IMMACT § 511(a) has nothing to say about weapons offenders. It simply provides that some aggravated felons are ineligible for § 212(c) relief. It would be perverse to infer from this amendment—which *limits* the scope of § 212(c)—a concurrent expansion of § 212(c) eligibility to an offense that is neither listed in § 212(a), nor mentioned in IMMACT § 511(a) itself. "By leaving the exceedingly specific language of § 212(c) substantially unchanged, [Congress] can only be said to have expressed a continued desire to limit § 212(c) relief to the listed grounds of exclusion." *Campos,* 961 F.2d at 315; *see also Leal–Rodriguez,* 990 F.2d at 951.

### IV. Equal Protection

■ Finally, Cato argues that, if he is not eligible for § 212(c) relief, his constitutional right to equal protection has been denied. Cato, however, does not claim that his ground of deportation under § 241—a weapons offense—is substantially equivalent to a ground of exclusion under § 212(a), and that his ineligibility for a discretionary waiver therefore violates *Francis.* Rather, he claims that his crime is "less serious" than some crimes that qualify for exclusion (and thus are eligible for a § 212(c) waiver), and that *this* odious result violates equal protection. *See* U.S. Const. Amend. V, XIV.

Congress has a "facially legitimate and bona fide reason," *Fiallo v. Bell,* 430 U.S. 787, 794, 97 S.Ct. 1473, 1479, 52 L.Ed.2d 50 (1977), to treat weapons offenders and other offenders differently. *See Guan Chow Tok v. INS,* 538 F.2d 36, 38–39 (2d Cir.1976). The Constitution does not require "Congress to lay out crimes on a spectrum, and grant at least as much discretion for the less serious as for any more serious crimes." *Cabasug v. INS,* 847 F.2d 1321, 1327 (9th Cir.1988). Different crimes raise different policy concerns, and it is not a judicial function to second-guess the classifications between offenses that Congress has drawn for purposes of immigration. *See generally Correa v. Thornburgh,* 901 F.2d 1166, 1173 (2d Cir.1990) ("scope of review as to [an alien's] equal protection claim is exceedingly narrow").

### CONCLUSION

In sum, we hold that an alien, deported on the ground of a weapons conviction, is ineligible for § 212(c) relief. We have considered all the additional arguments raised by Cato, and find them without merit. Accordingly, the petition for review is DENIED.