# In re Clint SAINT JOHN, Respondent

File A31 171 658 - New York

*Decided September 23, 1996*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An alien convicted of attempting or conspiring to commit a firearms violation is deportable under section 241(a)(2)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(C) (1994), which applies retroactively to convictions entered before, on, or after October 25, 1994. *Matter of Hou*, 20 I&N Dec. 513 (BIA 1992), superseded.

FOR RESPONDENT: Neil Martin Zang, Esquire, New York, New York

BEFORE: Board En Banc: SCHMIDT, Chairman; DUNNE, Vice Chairman; VACCA, HEILMAN, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, ROSENBERG, MATHON, and GUENDELSBERGER, Board Members.

HEILMAN, Board Member:

In a decision dated November 28, 1994, the Immigration Judge found the respondent deportable under section 241(a)(2)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(C) (1994), denied his application for a waiver of inadmissibility under section 212(c) of the Act, 8 U.S.C. § 1182(c) (1994), and ordered him deported from the United States to Trinidad and Tobago. The respondent has appealed from this decision. The appeal will be dismissed.

## I. BACKGROUND

The respondent is a male, native and citizen of Trinidad and Tobago who entered the United States as a lawful permanent resident on or about July 15, 1972. On June 13, 1994, an Order to Show Cause and Notice of Hearing (Form I-221) was issued against the respondent charging him with deportability under section 241(a)(2)(C) of the Act for conviction of a firearms violation. At his hearing, the respondent admitted the allegations of fact but contested the charge of deportability. The respondent filed a motion to terminate deportation proceedings, which was denied by the Immigration Judge, who subsequently found him deportable as charged.

The record reveals that the respondent was convicted on July 19, 1990, in the United States District Court for the Eastern District of Virginia, of providing false information or identification to a federal firearms dealer in the acquisition of a firearm pursuant to 18 U.S.C. § 922(a)(6) (1988).[1] As a result of his conviction, the respondent was fined and sentenced to 6 months' incarceration to be followed by 3 years of supervised release.

## II. ISSUES ON APPEAL

On appeal, the respondent argues that under existing Board precedent his conviction cannot be used to find him deportable under section 241(a)(2)(C) of the Act.[2] He also contends that the Immigration Judge erred in determining that he was deportable because application of the 1994 amendment to section 241(a)(2)(C) constitutes an impermissible retroactive application of law. Finally, he asserts that he is eligible for a waiver of inadmissibility under section 212(c) of the Act.

## III. BACKGROUND OF SECTION 241(a)(2)(C) OF THE ACT

At the time of the respondent's conviction in July 1990, the ground of deportability regarding firearms convictions was at section 241(a)(14) of the Act, 8 U.S.C. § 1251(a)(14) (1988), which provided for the deportation of an alien who

> at any time after entry, shall have been convicted of possessing or carrying in violation of any law any firearm or destructive device (as defined in paragraphs (3) and (4)), respectively, of section 921(a) of title 18, United States Code, or any revolver or any weapon which shoots or is designed to shoot automatically or semiautomatically more than one shot without manual reloading, by a single function of the trigger, or a weapon commonly called a sawed-off shotgun.

Section 241(a)(14) was subsequently revised and redesignated in November 1990 as section 241(a)(2)(C) of the Act, 8 U.S.C. § 1251(a)(2)(C) (Supp. II 1990), by section 602(a) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5080. In 1990 section 241(a)(2)(C) stated that

---

[1] Section 922(a)(6) provides that it is unlawful

> for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter.

[2] The respondent has consistently characterized his conviction as being for attempted possession of a firearm. However, his claim is not that his conviction does not constitute a firearms conviction under section 241(a)(2)(C), but rather that the 1994 amendments to section 241(a)(2)(C) of the Act, which added attempted possession of a firearm to that ground of deportability, should not have been applied to his 1990 conviction.

[a]ny alien who at any time after entry is convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying in violation of any law, any weapon, part, or accessory which is a firearm or destructive device (as defined in section 921(a) of title 18, United States Code) is deportable.

This amendment applies to deportation proceedings for which notice has been provided to the alien on or after March 1, 1991. *See* section 602(d) of the Immigration Act of 1990, 104 Stat. at 5082. The respondent does not challenge the application of this amendment to his July 1990 conviction.

At the time of the respondent's deportation hearing, however, section 241(a)(2)(C) of the Act provided that

[a]ny alien who at any time after entry is convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying, or of *attempting or conspiring to purchase, sell, offer for sale, exchange, use, own, possess, or carry*, any weapon, part, or accessory which is a firearm or destructive device (as defined in section 921(a) of title 18, United States Code) in violation of any law is deportable. (Emphasis added.)

The reference to attempts and conspiracies was added to section 241(a)(2)(C) of the Act by section 203(b) of the Immigration and Nationality Technical Corrections Act of 1994, Pub. L. No. 103-416, 108 Stat. 4305, 4311. This amendment applies to convictions occurring "before, on, or after" the October 25, 1994, enactment date of the 1994 Technical Corrections Act. *See* section 203(c) of the Immigration and Nationality Technical Corrections Act of 1994, 108 Stat. at 4311.

We have previously held that  a conviction for an attempted firearms offense will not support a charge of deportability under section 241(a)(2)(C) of the Act. *Matter of Hou*, 20 I&N Dec. 513 (BIA 1992).  We rendered our decision in that case, however, prior to the passage of the Immigration and Nationality Technical Corrections Act of 1994, which, as discussed above, added attempts and conspiracies to section 241(a)(2)(C) of the Act. This 1994 amendment effectively supersedes the Board's decision in *Matter of Hou*.

## IV.  RETROACTIVE APPLICATION OF STATUTORY AMENDMENT

The respondent also asserts on appeal that the Immigration Judge erred by applying the 1994 amendment retroactively to his 1990 conviction. We find no error.  To determine whether Congress intended for the 1994 amendment to apply retroactively to section 241(a)(2)(C) of the Act, we must first ascertain congressional intent from the plain meaning of the words used in the statute taken as a whole. *See Matter of Grinberg*, 20 I&N Dec. 911 (BIA 1994) (citing *INS v. Cardoza-Fonseca*, 480 U.S. 421, 431 (1987)); *see also K Mart Corp. v. Cartier, Inc.,* 486 U.S. 281, 291 (1988) (stating that in determining the "plain meaning" of a statute, one "must look to the particular statutory language at issue, as well as the language and design of the statute as a

whole"). In the Immigration and Nationality Technical Corrections Act of 1994, Congress stated that the amendment pertaining to the revision of section 241(a)(2)(C) of the Act should apply to convictions "before, on, or after" the October 25, 1994, enactment date of the statute. We thus find, based on the express language of the statute, that Congress intended the 1994 amendment to section 241(a)(2)(C) to be applied retroactively.

Furthermore, retroactive application of new statutory provisions to conduct which was not an immigration law violation at the time that the conduct occurred has been upheld by the courts. *See Galvan v. Press*, 347 U.S. 522 (1954) (upholding retroactive application of federal legislation concerning immigration and deportation of aliens); *Giusto v. INS*, 9 F.3d 8 (2d Cir. 1993) (upholding the retroactive bar to a section 212(c) waiver for aliens convicted of one or more aggravated felonies who have served at least 5 years' imprisonment as a result of such felonies); *Buitrago-Cuesta v. INS*, 7 F.3d 291 (2d Cir. 1993) (holding that the retroactive bar to a section 212(c) waiver for aggravated felons seeking to reenter the United States also applies to aliens in deportation proceedings); *United States v. Koziel*, 954 F.2d 831 (2d Cir. 1992) (finding that the law abolishing judicial recommendations against deportation can be applied retroactively to conduct that occurred prior to the change in law); *Gardos v. INS*, 324 F.2d 179 (2d Cir. 1963) (stating that retroactive application of a statute authorizing deportation of an alien who at any time had been convicted of a law or regulation related to a controlled substance does not violate the ex post facto clause of the Constitution).

Consequently, we find that the Immigration Judge was bound to follow the law established by Congress and properly did so. We therefore find no error in his application of the 1994 amendment of section 241(a)(2)(C) of the Act to the respondent's 1990 conviction.

The respondent has admitted that he was convicted of attempted possession of a firearm. Because conviction for attempted possession of a firearm is a deportable offense under section 241(a)(2)(C) of the Act, as amended, and that statute is properly applied to the respondent's conviction, we find that deportability has been established by clear, unequivocal, and convincing evidence. *See Woodby v. INS*, 385 U.S. 276 (1966); 8 C.F.R. § 242.14(a) (1996).

## V. STATUTORY ELIGIBILITY FOR SECTION 212(c) RELIEF

On appeal, the respondent further contends that, should he be found to be deportable for a firearms violation, the Immigration Judge erred in determining that he was ineligible for a waiver of inadmissibility under section 212(c) of the Act. He asserts that he is eligible for such relief from deportation pursuant to the ruling of the United States Court of Appeals for the Second Circuit in *Bedoya-Valencia v. INS*, 6 F.3d 891 (2d Cir. 1993).

Section 212(c) of the Act provides, in pertinent part, that

[a]liens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a) (other than paragraphs (3) [security and related grounds] and (9)(C) [international child abduction]).

The availability of section 212(c) relief was significantly expanded in 1976 when the Second Circuit held that a section 212(c) waiver should be available regardless of whether the applicant had departed from the United States subsequent to the acts which rendered him deportable. *Francis v. INS*, 532 F.2d 268 (2d Cir. 1976). This Board decided shortly thereafter to adopt the approach of the Second Circuit nationwide. *Matter of Silva,* 16 I&N Dec. 26 (BIA 1976). The Board has declined to further expand the parameters of section 212(c). *See Matter of Esposito*, 21 I&N Dec. 1 (BIA 1995); *Matter of Granados,* 16 I&N Dec. 726 (BIA 1979), *aff'd*, 624 F.2d 191 (9th Cir. 1980).

The record reflects, and the respondent has admitted, that he was convicted of attempted possession of a firearm. As discussed above, the respondent is deportable under section 241(a)(2)(C) of the Act due to this conviction. A lawful permanent resident alien who has been convicted of a firearms violation is ineligible to apply for a waiver of inadmissibility under section 212(c) of the Act. *Matter of Montenegro*, 20 I&N Dec. 603 (BIA 1992); *Matter of Hernandez-Casillas*, 20 I&N Dec. 262 (BIA 1990, A.G. 1991). Thus, although he has been a lawful permanent resident for 23 years, the respondent is statutorily ineligible for a waiver of inadmissibility pursuant to section 212(c) of the Act because of his conviction for a firearms violation.

Moreover, the respondent's reliance upon *Bedoya-Valencia v. INS, supra*, is misplaced. In that case, the Second Circuit, in whose jurisdiction the present case arises, determined that, under equal protection concerns, an alien deportable for entering the United States without inspection could still be eligible for a waiver of inadmissibility under section 212(c) of the Act because that was a charge of deportability which logically could have no analogous ground of exclusion. Such is not the case presented here. Furthermore, the circuit court has not extended the holding in *Bedoya-Valencia v. INS* to cover aliens who have been convicted of a firearms violation, and we decline to do so. *See Cato v. INS*, 84 F.3d 597 (2d Cir. 1996) ("Because a weapons offense is not a ground of deportation that 'could not conceivably' have an exclusion counterpart, the *Bedoya-Valencia* reasoning does not apply.") (citation omitted). Under existing Board and Second Circuit precedent, the respondent is ineligible to apply for a waiver of inadmissibility under section 212(c) of the Act because there is no comparable ground of exclusion for his section 241(a)(2)(C) charge of deportability. *Cato v. INS, supra; Matter of Montenegro, supra; Matter of Hernandez-Casillas, supra.*

## VI.  CONCLUSION

Because the respondent is deportable as charged and has not demonstrated that he is eligible for any relief from deportation, the appeal will be dismissed.

**ORDER**:     The appeal is dismissed.