**UNITED STATES of America,**

v.

**Richard COPELAND, Defendant**

**No. 01–CR–1453(JBW).**

United States District Court,
E.D. New York.

Oct. 22, 2002.

Steven H. Breslow, United States Attorney's Office, Criminal Division, Brooklyn, NY, for Plaintiff.

Michael P. Padden, The Legal Aid Society, Federal Defender Division, Brooklyn, NY, for Defendant.

### AMENDED MEMORANDUM AND ORDER

WEINSTEIN, Senior District Judge.

Defendant, charged with criminal reentry into this country, moves to dismiss the indictment on the collateral grounds that his prior deportation was unlawful and so cannot be used as a predicate in this criminal case. The motion is granted because the prior deportation conflicts with the Supreme Court's decision in *I.N.S. v. St. Cyr*, 533 U.S. 289, 326, 121 S.Ct. 2271,

2293, 150 L.Ed.2d 347, 378 (2001). *See e.g. United States v. Perez*, 213 F.Supp.2d 229 (E.D.N.Y.2002) (dismissing criminal prosecution for reentry after deportation on ground of lack of due process in deportation); *United States v. Hart*, 00–CR–915, Transcript of 7/20/2001 (Dearie, J.) (same).

## I Facts

Richard Copeland is a citizen of Jamaica. In 1982, when he was twelve years old, he came to the United States and lived here as a lawful permanent alien until his deportation in 1998. At the time of deportation, Mr. Copeland was living with and supporting his two children, aged 11 and 4, and their mother, all United States citizens.

In 1989, Mr. Copeland was arrested and charged with criminal possession of a controlled substance and criminal possession of a weapon. He failed to appear on these charges and a bench warrant was issued. In 1995 he was arrested for shooting a person. Mr. Copeland pleaded guilty to all three charges. He served concurrent sentences from October 1995 to September 1998.

Based upon the attempted sale conviction, in May 1996 the Immigration and Naturalization Service ("INS") began deportation proceedings charging him with being a deportable alien. *See* Sections 241(a)(2)(B)(i) and 241(a)(2)(A)(iii) of the Immigration and Nationality Act. A deportation hearing was held in August 1996. The Immigration Judge informed Mr. Copeland of his right to an attorney and to appeal the Immigration Judge's decision. Transcript of Hearing held on August 7, 1996, attached as Exhibit A to Government's Letter of June 14, 2002 ("Government's Letter"). The Immigration Judge then adjourned the proceedings to give Mr. Copeland the opportunity to find an attorney.

Still without counsel, at his deportation hearing in November, 1996, Mr. Copeland conceded deportability as charged. Transcript of Hearing held on November 27, 1996 ("November 27 Transcript") at 12, attached as Exhibit B to Government's Letter.

After being told that "[t]here's no relief available to you anymore because the law changed in April," Mr. Copeland was informed of his right to appeal the Immigration Judge's decision. *Id.* The Immigration Judge ruled that Mr. Copeland was ineligible for a hearing and potential waiver of deportation under former section 212(c) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1182(c), based on the then-current interpretation of changes to the INA created by the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009, § 304(B) (Sept. 30, 1996) and Anti–Terrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996). IIRIRA had the effect of repealing section 1182(c) while AEDPA allowed for the retroactive denial of section 212(c) relief. This interpretation of nonavailability of section 212(c) relief was subsequently invalidated by the Supreme Court in *I.N.S. v. St. Cyr.* 533 U.S. at 326, 121 S.Ct. 2271, holding that section 212(c) relief is available to aliens with convictions based on pleas of guilty entered prior to the enactment of IIRIRA and AEDPA.

Mr. Copeland waived his right to appeal. November 27 Transcript at 12. No evidence suggests that he ever appealed his deportation to the Board of Immigration Appeals. In 1998, now under the guidance of counsel, he moved to reopen proceedings and applied for a stay of his deportation. Motion to Reopen and Appli-

cation for Stay of Deportation, attached as Exhibit D to Government's Letter. This motion was denied. Order of the Immigration Judge, attached as Exhibit G to Government's Letter. Counsel filed an appeal in October 1998. Notice of Appeal, attached as Exhibit H to Government's Letter. Before this appeal could be heard, Mr. Copeland was deported. After deportation, the Board of Immigration Appeals denied the appeal as moot. Board of Immigration Appeals decision, attached as Exhibit I to Government's Letter.

In the spring of 1999 the INS became aware that Mr. Copeland had returned to the United States. He was arrested and is presently charged with having been found in the United States subsequent to a deportation for an aggravated felony conviction. 8 U.S.C. § 1326.

**II Law**

A. Deportation and 212(c)

Aliens convicted of certain crimes, labeled "aggravated felonies" in immigration law, become deportable. *See* 8 U.S.C. § 1227(a)(2)(A)(iii). Certain drug offenses, including defendant's, constitute aggravated felonies. 8 U.S.C. § 1101(a)(43)(B). Prior to 1996, former section 212(c) of the INA allowed aliens to apply for a discretionary waiver of deportation. *See St. Cyr,* 533 U.S. at 294–97, 121 S.Ct. 2271 (history of section 212(c)).

When determining whether to grant a section 212(c) application, an Immigration Judge will "balance the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf." *Matter of Marin,* 1978 WL 36472, 16 I. & N. Dec. 581, 584 (BIA 1978). The Judge will consider positive factors such as family ties within the United States, length of residence in the United States, evidence of hardship to the alien

and the alien's family in the event of deportation, employment history, property or business ties, and evidence of good character and likelihood of positive contributions to American society when deciding whether to grant 212(c) relief. *Lovell v. INS,* 52 F.3d 458, 461 (2d Cir.1995). Adverse factors that will be considered include the nature and circumstances of the cause for deportation; additional immigration law violations; the existence, recency, seriousness, and nature of a criminal record; and other indications of an alien's bad character or undesirability as a permanent resident. *Lovell,* 52 F.3d at 461, citing *Marin,* 1978 WL 36472, 16 I. & N. Dec. at 584– 585. More than half of 212(c) applications have been approved. *St. Cyr,* 533 U.S. at 296 n. 5, 121 S.Ct. 2271.

A weapons convictions would have barred section 212(c) relief. *See Cato v. I.N.S.,* 84 F.3d 597, 600 (2d Cir.1996). No bar to section 212(c) relief existed in cases involving drug offenses. *Montilla v. I.N.S.,* 926 F.2d 162, 170 (2d Cir.1991).

B. Illegal Reentry

Section 1326(a) of Title 8 of the United States Code makes it a crime for a deported or removed alien to enter, attempt to enter, or be found in the United States without the expressed consent of the Attorney General. To sustain this charge, the government must prove that the alien previously had been deported properly. If the deportation order is successfully challenged collaterally it cannot be used to establish prior deportation.

■■■■ A deportation order can be collaterally challenged if: (1) the alien has exhausted administrative remedies; (2) the deportation proceedings improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair. 8 U.S.C.

§ 1326(d). This statute codified the Supreme Court's holding in *United States v. Mendoza–Lopez*, 481 U.S. 828, 837–39, 107 S.Ct. 2148, 2155, 95 L.Ed.2d 772, 782–83 (1987), limiting the use of deportation proceedings to prove a charge of illegal reentry. *See also United States v. Perez*, 213 F.Supp.2d 229 (E.D.N.Y.2002). An alien attempting to make this kind of collateral attack must prove that prejudice resulted from the procedural errors, that is to say the alien must demonstrate that without the procedural errors, he might not have been removed. *United States v. Fernandez–Antonia*, 278 F.3d 150, 159 (2d Cir. 2002); *Perez*.

### C. Exhaustion

■ To exhaust administrative remedies, an alien is generally required to appeal from an Immigration Judge's order to the Board of Immigration Appeals. *United States v. Johnson*, No. 3:99–CR–139(EBB), 2000 WL 620324, at *7 (D.Conn. May 1, 2000), citing *Mejia–Ruiz v. I.N.S.*, 51 F.3d 358, 364 (2d Cir.1995). This requirement does not have to be met when making such an appeal would be futile because the body being appealed to lacks power—or believes that it lacks the power—to resolve the matter in the applicant's favor. *Sousa v. I.N.S.*, 226 F.3d 28, 32 (1st Cir.2000).

At the time of Mr. Copeland's deportation proceedings, the right to judicial review of Board of Immigration Appeals decisions did not exist. Because the deportation proceedings began before April 1, 1997 and the deportation order became administratively final after October 30, 1996, this case is controlled by the transitional rules of IIRIRA. *Henderson v. I.N.S.*, 157 F.3d 106, 117 (2d Cir.1998). Those rules state that "there shall be no appeal permitted in the case of an alien who is inadmissible or deportable by reason of having committed a criminal offense covered in [certain sections of the code]." *Id.*, citing IIRIRA § 309(c)(4)(G). This part of the IIRIRA was held not to preclude petitions for habeas corpus in the federal district court in *Henderson*, 157 F.3d at 118–122.

AEDPA and IIRIRA eliminated the possibility of section 212(c) relief for aliens convicted of committing an aggravated felony. This policy was applied retroactively. In *St. Cyr*, the Supreme Court modified the retroactivity rules, holding that " § 212(c) relief remains available for aliens … whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." 533 U.S. at 326, 121 S.Ct. 2271. If an alien entered a plea of guilty before the effective dates of AEDPA or IIRIRA, then that alien is eligible for section 212(c) relief. The effective date of AEDPA is April 24, 1996. Pub.L. No. 104–132, 110 Stat. 1214 (1996). The effective date of IIRIRA is April 1, 1997. *St. Cyr*, 533 U.S. at 315, 121 S.Ct. 2271. The alien needs to prove that there is a reasonable likelihood that there would have been no removal if the procedural error had not occurred. *Fernandez–Antonia*, 278 F.3d at 159; *see also Hart*, 00–CR–915, Transcript of 7/20/2001.

### III Application of Law to Facts

■ Although the defendant did not appeal to the Board of Immigration Appeals from the decision of the Immigration Judge, any attempt to do so would have been futile because at the time of his deportation, AEDPA and IIRIRA were being interpreted by INS in a manner that would have automatically precluded relief. The defendant therefore need not have engaged in a futile attempt to appeal his order of deportation.

■ The deportation order was fundamentally unfair, as required for a collateral

attack, because the Immigration Judge not only failed to advise the defendant of the existence of discretionary relief, but affirmatively misled him by indicating that he was ineligible for such relief. This misadvice improperly, as it turned out, discouraged the defendant from seeking discretionary relief. As a result, no immigration judge ever determined whether the defendant was worthy of section 212(c) relief. Fundamental unfairness was prejudicial to the defendant because there is a reasonable likelihood he would have been granted 212(c) relief.

*Cato*, a weapons case, does not adversely affect defendant. In that case, the deportation of the alien was predicated on the gun charge. In the instant case, the deportation proceedings were based upon the drug charge. Drug charges did not then have a preclusive effect on section 212(c) applications. Because the deportation proceedings were based upon the drug conviction, and because the weapons convictions were not considered by the Immigration Judge, the defendant was eligible for a section 212(c) hearing.

### IV Conclusion

Because the deportation order violated Mr. Copeland's Due Process rights, it cannot be relied upon to establish the prior deportation or removal needed to sustain a charge of illegal reentry. 8 U.S.C. § 1326. The Indictment is dismissed.

The res judicata effect of this dismissal on any future immigration proceedings is not addressed.

SO ORDERED.