# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60889

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2016

Lyle W. Cayce
Clerk

MIGUEL ANGEL SEGOVIA-RIVAS,

> Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

> Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A079 549 321

Before REAVLEY, JOLLY, and ELROD, Circuit Judges.

PER CURIAM:*

Miguel Angel Segovia-Rivas (Segovia-Rivas), a native and citizen of El Salvador, became a lawful permanent resident of the United States in 2002. In 2005 he was convicted of a Texas firearms offense resulting in his removal from this country. He contests the removal asserting that the statute of conviction was not a firearms offense under the Immigration and Nationality Act (INA) § 237(a)(2)(C). This argument failed before both the Immigration

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60889

Judge (IJ) and the Board of Immigration Appeals (BIA). The argument also fails here, so we deny Segovia-Riva's Petition for Review.

I.

Generally, this Court reviews only the BIA's decision as the BIA conducts a *de novo* review of the administrative record. *Mai v. Gonzales*, 473 F.3d 162, 164 (5th Cir. 2006). We review questions of law *de novo,* but "defer to the BIA's interpretation of immigration regulations if the interpretation is reasonable." *Id.*

II.

Segovia-Rivas was removed under the federal statute for firearms offenses[1] which states that:

> [a]ny alien who at any time after admission is convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying, or of attempting or conspiring to purchase, sell, offer for sale, exchange, use, own, possess, or carry, any weapon, part, or accessory which is a firearm or destructive device (as defined in section 921(a) of Title 18) in violation of any law is deportable.

INA § 237(a)(2)(C), 8 U.S.C. § 1227(a)(2)(C) (emphasis added). The removal was based on Segovia-Rivas' conviction for "Attempted Deadly Conduct – Discharge of a Firearm" in violation of Texas Penal Code §§ 15.01 and 22.05. The statute of conviction is comprised of two Texas statutes – Criminal Attempt and Deadly Conduct.[2] In his request for review, Segovia-Rivas argues

---

[1] The Department of Homeland Security also supplemented its removal action under INA § 237(a)(2)(A)(i), 8 U.S.C. § 1227(a)(2)(A)(i) which provides for deportation for a conviction for a crime involving moral turpitude. Here, Segovia-Rivas does not dispute his removal on this basis.

[2] Section 15.01 provides that an attempt offense is committed "if with specific intent to commit an offense, [a person] does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." Tex. Penal Code § 15.01. The deadly conduct portion states that "[a] person commits an offense if he knowingly discharges a firearm at or in the direction of:  (1) one or more individuals; or (2) a habitation,

that the Texas statute of conviction is not a "firearm" offense under INA §237(a)(2)(c). The crux of his argument is that the BIA improperly applied the Supreme Court's holding in *Descamps v. United States*, 133 S. Ct. 2276 (2013). He correctly applies *Descamps* to the instant case, in that a statute of conviction that sweeps more broadly than the generic crime cannot serve as a predicate offense. *Id.* at 2283. However, by applying the modified categorical approach, the BIA was entitled to review the charging instrument and properly concluded that Count Three of the Indictment, to which Segovia-Rivas pled guilty, tracked the language of section 22.05(b)(1) by alleging that he "knowingly discharged a firearm at or in the direction of Veronica Contreras." Segovia-Rivas' argument that the BIA misapplied *Descamps* is without merit.

Alternatively, Segovia-Rivas asserts that even if the modified categorical approach was properly applied, the BIA erred in finding that the attempted deadly conduct conviction is a deportable offense under immigration law. The BIA cites *Matter of St. John*, 21 I&N Dec. 593 (BIA 1996) which held that under the amended INA § 241(a)(2)(C), a conviction for the attempted use of a firearm is a deportable offense which replies retroactively. Segovia-Rivas argues that that the *Matter of St. John* is distinguished from his case because: (1) the underlying conviction was federal, not state, (2), the main issue was whether the amended statute could be applied retroactively; and (3) the decision does not specifically address whether the Texas statute for attempted deadly conduct constitutes a firearm offense under INA § 237(a)(2)(C). The first two differences cited by Segovia-Rivas are of no import to the instant case. However, what is important and clearly applicable to the Texas statute at

---

building, or vehicle and is reckless as to whether the habitation, building, or vehicle is occupied." Tex. Penal Code § 22.05.

No. 14-60889

issue, is that *Matter of St. John* holds that there does exist a deportable offense of "attempt" as relative to the use of firearms.

Additionally, Segovia-Rivas contends that he did not plead guilty to "use of a firearm" but instead to "attempted deadly conduct – discharge firearm" at an individual. The two "discharge firearm" words simply explain the manner in which he attempted the deadly conduct. Discharging a firearm clearly involves use of a firearm.

### III.

Accordingly, the Petition for Review is DENIED.